UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-0035 |
| VERSUS | JUDGE DONALD E. WALTER |
| JOHN JACKSON HARKEY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate pursuant to 28 U.S.C. § 2255 filed by Defendant, John Jackson Harkey ("Harkey"). See Record Document 51. The Government opposes the motion. See Record Document 54. For the reasons assigned below, Harkey's motion is **DENIED**.

**BACKGROUND**

On February 4, 2019, officers responded to an alleged aggravated assault in Shreveport, Louisiana. See Record Document 29 at ¶ 10. While on his way to work, the victim was merging onto Interstate-20 from Interstate-49 when another motorist pulled up beside him and made a gesture with his middle finger. See id. at ¶ 11. The motorist then pulled out a silver revolver and pointed it at the victim. See id. The victim provided police with the motorist's license plate number and police were ultimately able to identify him as Harkey. See id. at ¶ 12.

On February 21, 2019, law enforcement obtained a search warrant for Harkey's residence. See id. at ¶ 13. Upon executing the warrant, officers seized from Harkey's home approximately 2,000 rounds of assorted ammunition, 22.4 grams of marijuana, $3,873 in United States currency, two sheets of paper with THC residue, one gram of marijuana, one gram of an unknown controlled substance, two small containers of an additional unknown substance, thirty-five firearm magazines for assorted weapons, two high-capacity drum magazines, one bullet-proof vest, one bullet-proof

helmet, one gasmask, one smoking device, three rifles, and a number of shotguns and pistols. See id. at ¶¶ 13-14.

On February 12, 2020, Harkey was indicted on one count of receipt or possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5845(a) and (d). See Record Document 1. The firearm at issue is a Remington short-barreled shotgun. See id. On February 27, 2020, Mark Miciotto ("Mr. Miciotto") enrolled as counsel for Harkey. See Record Document 6. On May 27, 2020, Harkey pleaded guilty to Count 1 of the Indictment. See Record Document 23.

On July 30, 2020, the United States Probation Office filed its final Presentence Investigation Report ("PSR"). See Record Document 29. The PSR identified the guideline for a violation of Section 5861(d) as United States Sentencing Guidelines Section 2K2.1. See id. at ¶ 20. Section 2K2.1 provides for a base offense level of twenty if the defendant was a prohibited person at the time he committed the instant offense.[1] See § 2K2.1(a)(4)(B). A prohibited person is "any person who is an unlawful user of or addicted to any controlled substance." 28 U.S.C. § 922(g)(3). Based on Harkey's admission that he uses marijuana, as well as his criminal record which includes drug-related charges from 2004, 2007, and 2019, the PSR classified Harkey as a prohibited user and applied a base offense level of twenty. See id. at ¶¶ 15, 20, 36, 39.

To the base offense level of twenty, the PSR added six points, pursuant to Section 2K2.1(b)(1)(C), because the offense involved twenty-eight firearms. See id. at ¶ 21. To that value, the PSR added four points, pursuant to Section 2K2.1(b)(6)(B), because Harkey used or possessed

---

[1] It also requires that the offense involve a firearm as described in Section 5845(a), which includes "a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a)(2). Harkey does not dispute that the Remington short-barrel gun recovered by police meets this definition.

the firearm at issue in connection with another felony offense. See id. at ¶ 24. The offense level was decreased by three levels, however, due to Harkey's timely acceptance of responsibility, resulting in a total adjusted offense level of twenty-seven. See id. at ¶¶ 30-32. As to Harkey's criminal history, the PSR assigned one criminal history point for nine separate convictions, which produced a criminal history category of I. See id. at ¶¶ 44-45. Harkey's offense level of twenty-seven, together with his criminal history category of I, resulted in an advisory guideline range of seventy to eighty-seven months. See id. at ¶ 82.

Harkey did not file an objection to the PSR. The Government, however, filed an objection expressing concern over whether it could meet its burden to establish that Harkey possessed the firearm "in connection with another felony offense" and, thus, whether the enhancement under Section 2K2.1(b)(6)(B) should be applied. Record Document 33-1.

On October 16, 2020, the Probation Office issued an addendum to the PSR, defending application of the enhancement under Section 2K2.1(b)(6)(B). See Record Document 33-1. The Probation Office offered the Court four potential felonies that could justify the application of the enhancement: (1) distribution of marijuana based on the money and drugs found during the search warrant; (2) the guns "facilitated" or "protected" the marijuana; (3) the assault with a firearm in violation of Louisiana Revised Statute Section 14:37.4; and (4) possessing a firearm while in the possession of a controlled substance in violation of Louisiana Revised Statute Section 14:95(E). See id. at 2.

On October 23, 2020, this Court sentenced Harkey to seventy months of imprisonment, to run concurrently with any state sentence which may result from Harkey's conduct during the February 2019 incident. See id. at 5-7. The Court also imposed a three-year term of supervised release which, among other things, requires that Harkey participate in drug treatment. See id. at

7. After imposing the sentence, the Court noted and overruled the Government's objection, explaining that it would have imposed the same sentence even if it had sustained the objection. See id. at 6.

On November 2, 2020, Douglas Lee Harville replaced Mr. Miciotto as counsel for Harkey, and soon after appealed Harkey's sentence to the Fifth Circuit. See Record Document 39. On August 3, 2021, the Fifth Circuit affirmed Harkey's sentence, finding, among other things, that this Court did not plainly err in finding that Harkey was a prohibited person. See Record Document 50. The Fifth Circuit explained:

> Harkey admitted he had used marijuana from the age of 18 until the time of his arrest at age 33 in the instant case; he had two prior convictions and additional arrests for possession of marijuana and possession of drug paraphernalia; and officers executing a search warrant for his residence found 22.4 grams of marijuana and $3,873 in cash, among other items.

Record Document 50. The Fifth Circuit also acknowledged that Harkey raised an ineffective assistance of counsel claim but declined to address the merits of the claim because the record was not sufficiently developed. See id. at 3.

### SECTION 2255 STANDARD

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotations omitted). Specifically, a convicted defendant may file a motion under Section 2255 to (1) allege constitutional issues; (2) challenge the district court's jurisdiction to impose the sentence; (3) challenge the length of a sentence in excess of the statutory maximum; and (4) allege that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). "[I]neffective assistance of counsel claims are properly presented in a § 2255

proceeding." United States v. Celestine, 06-60059, 2014 WL 5488389, at *3 (W.D. La. Oct. 24, 2014).

## ANALYSIS

Harkey argues that his trial counsel's representation rose to the level of ineffective assistance of counsel because Mr. Miciotto failed to object to the PSR's determination that Harkey was a "prohibited person." Harkey also argues that Mr. Miciotto erred in failing to object to the PSR's finding that Harkey possessed twenty-eight firearms. Harkey argues that "[t]here was no legitimate reason for . . . [his] trial counsel not to object to the PSR," and that "but for trial counsel's unprofessional errors, there is a reasonable probability . . . Harkey would have received a lesser sentence." Record Document 51-1 at 5.

In its opposition, the Government defends the Court's designation of Harkey as a prohibited person by pointing to Harkey's arrest record, which includes two marijuana possession charges, the items police recovered from Harkey's residence, including a smoking device, marijuana, scales, and nearly $4,000, as well as Harkey's own admission that he has used marijuana from age eighteen until his arrest in February 2019. The Government insists that Mr. Miciotto's decision not to object to the PSR but instead to ask for probation was a strategic move that cannot be the basis for an ineffective assistance of counsel claim. The Government also argues that Harkey has failed to show that even if Mr. Miciotto had objected to the PSR, that the Court would have imposed a lesser sentence. Finally, the Government argues that Harkey has provided no basis for what Mr. Miciotto's objection should have been regarding the PSR's determination that the instant offense involved twenty-eight firearms.

The Sixth Amendment guarantees a criminal defendant the right to assistance of counsel, which "has long been recognized . . . [as] the right to the effective assistance of counsel." See

5

McMann v. Richardson, 397 U.S. 759, 789 n.14, 90 S.Ct. 1441, 1458 (1970).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v. Wash., 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984).  To prevail on an ineffective assistance of counsel claim, the defendant must show "(1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) that the deficiency was 'prejudicial to the defense."  Anaya v. Lumpkin, 976 F.3d 545, 550-51 (5th Cir. 2020) (quoting Id. at 688, 690, 132 S.Ct. at 2052).  There exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Strickland, 446 U.S. at 687, 104 S.Ct. at 2065 (quoting Michel v. State of La, 350 U.S. 91, 101, 76 S.Ct. 158, 164 (1955)).

   A. Enhancement Under Section 2K2.1(a)(4)(B)

Section 2K2.1(a)(4)(B) applies a base offense level of twenty to offenses that involve an applicable firearm, and if the defendant "was a prohibited person at the time [he] committed the instant offense."  U.S.S.G. § 2K2.1(a)(4)(B).  A prohibited person is defined as someone who is an "unlawful user of or addicted to any controlled substance."  18 U.S.C. § 922(g)(3).  While Chapter 18 of the United States Code does not define "unlawful user" or "addict," the Fifth Circuit has defined these terms as anyone who "uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance," and "any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician."  United States v. McCowan, 469 F.3d 386, 392 (5th Cir. 2006) (quoting 27 C.F.R. § 478.11).

6

To be a "current user of a controlled substance," the defendant need not use the substance "at the precise time [he] seeks to acquire a firearm or possess[] a firearm." 27 C.F.R. § 478.11. Rather, the focus is on whether "the unlawful conduct has occurred recently enough to indicate that the individual is actively engaged in such conduct." Id. The Fifth Circuit has explained:

> An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, e.g., a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past year.

McCowan, 469 F.3d at 391-92 (citing 27 C.F.R. § 478.11).

In this case, Harkey's ineffective assistance of counsel claim fails both prongs of the Strickland test. As an initial matter, Harkey has failed to overcome the presumption that Mr. Miciotto's decision not to object to the PSR was a "sound trial strategy." Strickland, 466 U.S. 668 at 689, 104 S.Ct. at 2065 (internal citation omitted). In fact, in his motion, Harkey acknowledges that Mr. Miciotto "advised . . . [him] that his best strategy was not to object to the PSR and then to ask this Court for a probated sentence." Record Document 51-1 at 5. While Harkey may now disagree with this strategy, disapproval of his trial attorney's actions, in hindsight, does not rise to the level of a constitutional violation. See Strickland, 466 U.S. 668 at 689, 104 S.Ct. at 2065.

Likewise, Harkey has not shown that Mr. Miciotto's failure to object to the PSR resulted in prejudice in the form of a longer sentence. Harkey appears to attack the PSR's classification of him as a prohibited person on the grounds that it offered no evidence that he "had arrests, convictions, or positive drug tests *within the five years preceding his arrest* in the instant matter." Record Document 51-1 at 4 (emphasis added). However, the Fifth Circuit rejected Harkey's argument that his mid-2000s drug related arrests were irrelevant when it concluded that this Court had properly found that Harkey is a prohibited person, at least in part due to his prior arrests. See

7

Record Document 50 at 4. Even absent these arrests, Harkey's record is still sufficient to establish that he is a prohibited person. During Harkey's February 2019 arrest, police seized more than twenty-two grams of marijuana, two sheets of paper with THC residue, one gram of an unknown controlled substance, two additional containers of an unknown controlled substance, one smoking device, and nearly $4,000. See Record Document 33 at ¶ 13. Although Harkey argues that this is indicative solely of distribution, the Court views it as indicating drug use as well as drug distribution and noted so during Harkey's sentencing hearing.[2] Importantly, this position is supported by Harkey's own admission that he has smoked marijuana from age eighteen until his arrest in February 2019. Thus, even if Mr. Miciotto had objected to the PSR on the grounds that Harkey's earlier drug convictions occurred more than five years ago and that his 2019 arrest did not indicate drug use, the Court would have denied the objection, as indicated by the statements the Court made during sentencing.

B. Enhancement Under Section 2K2.1(b)(1)(C)

Harkey also argues that Mr. Miciotto erred in failing to object to the PSR's six-point enhancement under Section 2K2.1(b)(1)(C), which applies if the offense involved between twenty-five and ninety-nine firearms. See U.S.S.G. § 2K2.1(b)(1)(C); see also Record Document 51-1 at 5. However, Harkey offers nothing to indicate that there was any basis on which Mr. Miciotto

---

[2] The Court, in addressing Harkey, noted that "based on your record, as a user and probably a supplier, the marijuana that was found in the search warrant was packaged for sale. And you have $3,873 in cash that [the Court] can't account for from your earnings. So . . . more probably than not, you've been selling marijuana, maybe to support your own habit." Record Document 47 at 5. Harkey appears to construe the Court's statement as viewing everything recovered from the search warrant as indicating distribution only. While the twenty-two grams of marijuana and nearly $4,000 certainly suggest that, other items, such as the paper with THC residue and the smoking device, are more indicative of personal use.

could have objected. As such, Harkey has failed to meet his burden to show that Mr. Miciotto's performance was deficient, or that it prejudiced Harkey.

## **CONCLUSION**

Based on the foregoing reasons,

**IT IS ORDERED** that Harkey's Motion to Vacate (Record Document 51) is hereby **DENIED**.

**THUS DONE AND SIGNED** on this 13th day of October, 2022.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE